1823.

In the matter of
HALLOCK.

---

### In the Matter of THOMAS HALLOCK, a lunatic.

On the petition of the committee of a *lunatic*, without a bill filed, the Court may make an *order* to restrain *waste* on the real estate of the lunatic. And for a breach or violation of such order, an attachment will be granted, on motion of the committee.

*January 16th.*    AN order was granted, in this case, on the 13th of *March*, 1821, that no waste be committed by the wife or children, or any of the family of the lunatic, or by any other person, by their order, on the real estate of the lunatic, by cutting and selling the timber growing thereon, or by destroying the fences, buildings, &c.; and that the committee report, from time to time, any breach of the order; and that a copy of the order be served on the wife and family.

*Caleb Smith*, one of the committee, reported, on oath, a service of the order; and reported, also, waste by the wife and sons of the lunatic, in destroying the wood and timber growing on the estate of the lunatic.

*G. W. Strong*, moved for a rule on the wife and her adult sons, *Thomas*, *Noah*, and *Peter Hallock*, to show cause why an attachment should not issue against them.

THE CHANCELLOR said, the order heretofore granted, was agreeable to the practice in the case of *Creagh*, a lunatic, (1 *Ball & Beatty*, 108.) and according to a decision by Lord *Redesdale*, there referred to, in which an order was granted without bill, upon the petition of the committee, to restrain waste upon the lunatic's estate. That such an authority is necessarily included in the power given by statute, (1 *N. R. L.* 147.) "That the Chancellor shall have the care, and provide for the safe keeping of all idiots and lunatics, and of their real and personal estates; and shall take care that the same be not wasted or destroyed."